AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 13-8345-JMH |
| Jose Hernandez-Sanchez | ) | |
| Defendant(s) | | |

FILED by JMH D.C.
JUL 24 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 2, 2013__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal re-entry after deportation. |

This criminal complaint is based on these facts:

PLEASE SEE AFFIDAVIT

☑ Continued on the attached sheet.

_____
Complainant's signature

Scott Stacy, Border Patrol Agent, CBP
Printed name and title

*I find probable cause.*

Sworn to before me and signed in my presence.

Date: 7-24-13

_____
Judge's signature

City and state:   West Palm Beach, Florida

James M. Hopkins, United States Magistrate Judge
Printed name and title

# AFFIDAVIT
# OF
# AGENT SCOTT STACY
# DEPARTMENT OF HOMELAND SECURITY
# CUSTOMS AND BORDER PROTECTION, BORDER PATROL

I, Scott Stacy, being duly sworn, depose and state:

1. I am a Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection (CBP) (formerly Immigration and Naturalization Service), and have been so employed for more than fifteen (15) years. I have been assigned to the West Palm Beach Border Patrol Station, Riviera Beach, Florida for the past three years. The station is located in the Southern District of Florida.

2. As a Border Patrol Agent, my duties include the detection and interdiction of individuals illegally entering the United States, and those aliens who are currently within the United States illegally. I am trained in detecting and locating individuals suspected of assisting aliens in their illegal entry into the United States by any means. I am also responsible for the investigation and processing of aliens who are entering or residing illegally in the United States as well as the investigation of people responsible for the smuggling of such undocumented aliens.

3. This affidavit is based upon an ongoing investigation, as well as my review of the U.S. Citizenship and Immigration Service (USCIS) File Number A******131, court documents and reports, and interviews of defendant. The statements contained in this affidavit are based upon my own personal knowledge and experience, as well as information provided to me by other law enforcement officials and employees of CBP. I have not included in this affidavit each and every fact and circumstance known to me, but only the facts and circumstances that I believe are necessary to establish probable cause to believe that Jose HERNANDEZ-SANCHEZ, a/k/a "Salvador Alexander ANGEL," a/k/a

Page 1 of 4

"Salvador Alexander ANGEL-CORNEJO," a citizen of El Salvador, has committed a violation of Title 8, United States Code, Section 1326(a), namely illegal re-entry into the United States after prior deportation.

### FACTS SUPPORTING PROBABLE CAUSE:

4. On July 2, 2013, Border Patrol Agent (BPA) Richard Abbott of the West Palm Beach Border Patrol Station responded to a call for assistance from the U.S. Marshals Service located at the West Palm Beach, Florida Federal Court House. A subject that was identified as "Jose HERNANDEZ-Sanchez" (hereinafter referred to as HERNANDEZ) turned himself in to the U.S. Marshals Service and stated that he wanted to be returned to Mexico. The U.S. Marshals Service called the U.S. Border Patrol office and requested that an agent respond to the courthouse to interview the subject and take custody if warranted. BPA Abbott responded to the federal courthouse and questioned HERNANDEZ as to his citizenship and determined that he was in the United States illegally. HERNANDEZ was then placed under administrative arrest and transported to the Border Patrol Station for vetting and processing.

5. HERNANDEZ was enrolled in the Border Patrol's "e3 processing" system wherein biographic data, a photograph, fingerprints, and administrative charging documents were generated. During processing, the defendant's fingerprints returned a positive hit indicating that the defendant had previously been arrested under Bureau of Customs and Immigration Services File number A\*\*\*\*\*\*131 (hereinafter referred to as the A File). At that time, the defendant was advised of his *Miranda* rights by BPA Olivera in Spanish. The defendant stated that he understood his rights and was willing to answer questions without an attorney present.

6. During his initial interview on July 2, 2013, at the West Palm Beach, Florida Border

Patrol Station, HERNANDEZ voluntarily gave a sworn statement during which he stated that he is a citizen of Mexico who had been previously removed from the United States. HERNANDEZ stated that he illegally re-entered the United States on June 21, 2013, by crossing the border in Arizona. He told agents that he turned himself in because he wanted to be returned to Mexico to be reunited with his family.

7. National Criminal Information Checks (NCIC) revealed that HERNANDEZ has a criminal record in the country of El Salvador for car theft. When confronted with this information, HERNANDEZ recanted his earlier statements, gave a second sworn statement during which he admitted to being a citizen and national of El Salvador, and said his true and correct name is "Salvador Alexander ANGEL-Cornejo." Upon obtaining HERNANDEZ' A-File, a fingerprint comparison was conducted which confirmed that the person's fingerprint on the Form I-205, dated April 20, 2012, and the fingerprint on the Form I-296, dated December 12, 2011, matched HERNANDEZ's fingerprints obtained on July 2, 2013, at the time of his administrative processing.

8. A review of HERNANDEZ' A-File reflected that he had been previously arrested by border patrol on December 8, 2011, near Tucson, Arizona for illegally entering the United States and charged with a violation of Title 8, United States Code, Section 1325. HERNANDEZ was later convicted in the U.S. District Court, Tucson, Arizona and sentenced to two (2) days confinement. At the time of this arrest, HERNANDEZ lied to Border Patrol agents and claimed to be a Mexican citizen when in fact he is a native and citizen of El Salvador. He was subsequently removed from the United States and returned to Mexico on December 12, 2011, at Del Rio, Texas.

9. On January 7, 2012, HERNANDEZ illegally re-entered the United States by crossing the desert near Tucson, Arizona and was arrested by border patrol. HERNANDEZ again lied to Border

Patrol agents by claiming that he was a Mexican citizen when in fact he is a native and citizen of El Salvador. He was again convicted of a violation of Title 8, United States Code, Section 1325 and was sentenced to 105 days imprisonment. HERNANDEZ was removed from the United States and returned to Mexico on April 20, 2012, after serving his term of imprisonment.

10. A record of nonexistence was received from the West Palm Beach Bureau of Customs and Immigration Services which confirmed that the defendant did not obtain permission to reenter the United States after deportation or removal from the Secretary of Homeland Security or formerly the Attorney General of the United States.

WHEREFORE, I respectfully submit that based upon the afore-mentioned there is probable cause to believe that Jose HERNANDEZ-SANCHEZ, a/k/a "Salvador Alexander ANGEL," a/k/a "Salvador Alexander ANGEL-CORNEJO," a citizen of El Salvador, has committed a violation of Title 8, United States Code, Section 1326(a), namely illegal re-entry into the United States after prior deportation.

FURTHER AFFIANT SAYETH NAUGHT.

_____
SCOTT STACY
BORDER PATROL AGENT
CUSTOMS AND BORDER PROTECTION

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 24 DAY OF JULY, 2013.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 13-8345-JMH

UNITED STATES OF AMERICA

vs.

JOSE HERNANDEZ-SANCHEZ,

      Defendant.

_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

                              Respectfully submitted,

                              WIFREDO A. FERRER
                              UNITED STATES ATTORNEY

BY:             _____
                              Jennifer C. Millien
                              Assistant United States Attorney
                              Florida Bar No. 171700
                              500 S. Australian Avenue, Suite 400
                              West Palm Beach, FL 33401
                              TEL: (561) 820-8711
                              FAX: (561) 805-9846